IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNILOC 2017 LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-3071-N |
| | § | |
| LG ELECTRONICS U.S.A., INC., and LG ELECTRONICS, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants LG Electronics U.S.A., Inc. and LG Electronics, Inc.'s (collectively, "Defendants") motion to stay this case pending resolution of an *inter partes* review [36]. For the reasons below, the Court grants Defendants' motion.

### I. THE PATENT DISPUTE

In November 2018, Plaintiff Uniloc 2017 LLC ("Uniloc"), a patent holding company, initiated this lawsuit against Defendants, television manufacturers, alleging Defendants infringed on U.S. Patent No. 7,190,408 ('408 Patent). Compl. 2 [1]; Defs.' Mot. Stay 10 [36]. The '408 Patent claims systems and devices for receipt and decoding broadcast television signals. Compl. 2 [1]. Nine months after Uniloc filed suit, on August 20, 2019, Defendants filed a petition for *inter partes* review ("IPR") with the U.S. Patent and Trademark Office ("PTO") challenging the validity of Uniloc's '408 Patent. Defs.' Mot. Stay 1–2 [36]. The Patent and Trademark Appeals Board ("PTAB") has not yet

determined whether to institute IPR. *Id.* Defendants now ask this Court to stay this litigation pending the PTO's resolution of Defendants' petition for IPR.

## II. MOTION TO STAY LEGAL STANDARD

District courts have "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). To decide whether it is appropriate to stay litigation pending examination by the Patent and Trademark Office, courts generally consider (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmovant; (2) whether a stay will simplify the issues in the case and the trial; and (3) whether discovery is complete and whether a trial date has been set. *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016). The Federal Circuit has also determined that district courts may consider whether a stay would reduce the burden of litigation on the parties and the court. *Id.* at 1362. The movant bears the burden of demonstrating that a stay is appropriate. *Blephex LLC v. Pain Point Med. Sys. Inc.*, 2016 WL 7839343, at *1 (N.D. Tex. 2016).

## III. THE COURT FINDS THAT A STAY IS WARRANTED

The Court has weighed the four factors and finds that on balance they favor granting a stay.

### A. A Stay Will Not Unduly Prejudice Uniloc and Does Not Present a Tactical Disadvantage

A delay caused by the IPR process, without more, does not justify the denial of a stay. *Emp't Law Compliance, Inc. v. Compli, Inc.*, 2014 WL 3739770, at *1 (N.D. Tex.

ORDER – PAGE 2

2014) (collecting cases). Uniloc argues generally that it will be prejudiced if the litigation is stayed, but it presents no specific ways in which it will suffer harm.[1] While "competition between parties can weigh in favor of finding undue prejudice," Uniloc and Defendants are not competitors.[2] *VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). Further, although not dispositive, Uniloc's failure to file for preliminary injunction suggests that monetary damages could adequately compensate it if Defendants were held liable. *Id.* at 1318–19 ("A stay will not diminish the monetary damages to which [a party] will be entitled if it succeeds in its infringement suit — it only delays realization of those damages.").

There is also no suggestion that Defendants possessed a "dilatory motive" in filing for *inter partes* review that would cut against granting a stay. *Id.* Although this motion to stay was filed nine months after the complaint, Defendants filed their IPR petition within a month after receiving Uniloc's infringement contentions and before Defendants provided their invalidity contentions. Defs.' Reply 6, 9 [38]. They filed this motion to stay within ten days of filing their IPR petition. Defs.' Mot. Stay 2 [36]. Courts have held similar timeframes acceptable. *See NFC Tech, LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *3

---

[1] Uniloc cites general PTAB statistics showing that sixty-seven percent of IPR petitions are instituted and sixty-three percent of those result in all claims being held unpatentable. Pltf.'s Resp. Defs.' Mot. Stay 5 [37]. But the mere fact that the IPR process may not resolve all issues does not constitute prejudice. *E-Watch, Inc. v. Lorex Can., Inc.*, 2013 WL 5425298, at *2 (S.D. Tex. 2013).

[2] Uniloc notes that being a market competitor is not necessary to show prejudice. This is true but irrelevant. The larger point is that there is no evidence, such as but not limited to evidence that the parties are market competitors, suggesting Uniloc would be particularly prejudiced if this Court grants a stay.

ORDER – PAGE 3

(E.D. Tex. 2015) (finding that a nearly eight-month span between the complaint filing and the IPR petition filing was not unreasonable "[g]iven the complexity entailed in seeking inter partes review" and the fact that the IPR petitions were filed four months after infringement contentions were served). The Court finds that it was reasonable for Defendants to wait to file an IPR petition until after receiving infringement contentions, particularly given the early stage of the case, and is not persuaded that Defendants would score a clear tactical advantage if the Court grants the stay. This factor thus favors a stay.

### B. *A Stay May Simplify the Issues in the Case*

Staying this case pending the PTO's decision on Defendants' petition may clarify the scope of the issues and could eliminate the need for a trial altogether. Should the PTAB institute IPR and find some or all of the '408 Patent claims invalid, continuing the litigation would result in unnecessary duplication of efforts and expense. *NFC Tech., LLC*, 2015 WL 1069111, at *4. If IPR were instituted but the claims survived, Defendants would be estopped from asserting invalidity "on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2). The fact that Defendants could still raise other legal and equitable defenses is inapposite because this factor focuses on whether the issues presented in a case "would be simplified" — it does not require that the IPR process completely resolve them. *E-Watch, Inc.*, 2013 WL 5425298, at *2 ("E-Watch conflates simplification of the issues with total resolution of the case, which is not a factor considered by the court when addressing a motion to stay.").

Uniloc insists that any benefit derived from the IPR proceeding is speculative because the PTAB has not determined whether it will institute IPR. Even if the PTAB

ORDER – PAGE 4

declines to institute IPR in this case, however, the Court would still benefit from the PTO's expert opinion and initial claim construction in deciding the issues. *Id.* Accordingly, the Court finds this factor weighs in favor of granting the stay.

### C. The Case is in the Early Stages of Litigation

In examining this factor, courts consider what resources the parties have invested in the case and whether the parties have completed discovery and set a trial date. *Blephex LLC*, 2016 WL 7839343, at *2. This assessment typically fixed on the point in time when the movant filed the motion to stay. *See VirtualAgility, Inc.*, 759 F.3d at 1317. When Defendants filed this motion, discovery had not closed, the parties had not filed claim construction briefs, and no trial date had been set. Defs.' Mot. Stay 8 [36]. At the time of this Order, the case status does not materially differ. The substantial work remaining in the case far outweighs the motions and related discovery exchanged prior to this motion. Consequently, the Court finds that this factor favors a stay.

### D. A Stay Will Reduce the Burden of Litigation on the Court and the Parties

At this point, there "remains a significant amount of work for both the court and the parties" in this litigation. *Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 770 (E.D. Pa. 2014). IPR proceedings, in contrast, "are intended to be quick and cost effective alternatives to litigation." *Wi-FI One, LLC v. Broadcom Corp.*, 878 F.3d 1364, 1368 (Fed. Cir. 2018) (internal citations omitted). Staying this case during the pendency of the IPR petition reduces the burden parallel litigation would otherwise impose on the Court and parties.

### CONCLUSION

Because the Court finds that all four factors weigh in favor of a stay, the Court grants Defendants motion and stays this case pending the PTO's resolution of Defendants' petition for *inter partes* review.

Signed January 23, 2020.

_____
David C. Godbey
United States District Judge